ROGERS, Circuit Judge,
concurring:
I join in affirming the grant of summary judgment to the Agriculture Department and reversing the grant of summary judgment to Creekstone Farms. However, I do so on the ground that the Department’s interpretation of 9 C.F.R. § 104.1, as allowing it to restrict import permits based on intended use of a biological product, is entitled to deference, see Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984); Op. at 500; 21 U.S.C. § 152.[1] See Op. at 494, 499-500. Because the Department exercised this authority to prevent the importation of BSE test kits on behalf of Creekstone Farms, see Op. at 496-97 & nn. 4, 6, and the Department’s definition of treatment, 9 C.F.R. § 101.2(3), is reasonable, Op. at 502-03, there is no need for the court to opine on unrelated aspects of the Department’s regulations implementing the Virus-Serum-Toxin Act, 21 U.S.C. §§ 151-59; cf. Stanton v. D.C. Court of Appeals, 127 F.3d 72, 74 (D.C.Cir.1997).

. Our dissenting colleague does not address this regulation or 21 U.S.C. § 152.